## DAVID KIVETT v. THOMAS H. MASSEY.

No action will lie against a constable for money received by him in his official character, until after a demand.

(*Potter* v. *Sturges*, 1 Dev. 79, *White* v. *Miller*, 3 D. & B. 55, *Hyman* v. *Gray*, 4 Jon. 155 cited and approved.)

DEBT, tried before *Barnes, J.*, at January Special Term, 1868 of the Superior Court of CUMBERLAND.

The action had been commenced by warrant before a magistrate, and upon the trial before his Honor, the plaintiff after showing a receipt given February 1, 1849, by the defendant for a claim of some $26.75, proved a collection thereof by him in 1850. The warrant in the present case was issued in 1857, and there was no previous demand for the money.

The pleas were, General Issue, Statute of Limitations.

In deference to the opinion of his Honor, the plaintiff submitted to a non-suit, and appealed.

*B. Fuller*, for the plaintiff.

*N. McKay*, contra.

SETTLE, J. Was a demand necessary before the commencement of this suit?

In order to determine this, let us see what was the liability of the defendant. It is true that he received money belonging to the plaintiff, but in what character did he receive it? clearly, as agent. This being so, was he bound to seek the plaintiff in order to pay over the money, which had come to his hands as agent, or was the plaintiff bound to seek him, and demand it? He was in no default unless a demand had been made upon him and he had refused or neglected to account for, and pay over, all such sums as the plaintiff was entitled to receive.

No question can arise upon the Statute of Limitations, as no demand was made before commencing suit, and therefore, the statute did not begin to run. We regard these principles as firmly settled by the adjudications of this Court. In *Potter* v. *Sturges*, 1 Dev. 79, which was very much like this case, it was *held*, that a previous demand should be shown before the action could be sustained. Again, in *White* v. *Miller*, 3 D. & B. 55, which was an action upon a constable's bond, *Potter* v. *Sturges*, was cited with approbation, and the Court awarded a *venire de novo*, upon the ground, that there was no proof of any demand before suit was brought. In a still later case, *Hyman* v. *Gray*, 4 Jon. 155, the same principle is decided. Pearson, J., delivering the opinion of the Court, says: " the defendant, having received the money as the agent of the plaintiff, was not bound to seek him for the purpose of paying it over; so we agree with his Honor, that the cause of action did not accrue until a demand."

PER CURIAM.                    There is no error.