JOHN J. ROBERTSON, Adm'r, v. W. A. DUNN, Adm'r.

*Negotiable Instruments—Statute of Limitations—Demand— Trusts—Agency.*

1. The presumption of fact that the holder of unendorsed paper is the owner, is only evidence against the maker in an action on the note,

but cannot avail the holder in an action brought against him by the legal owner.

2. Where the holder has converted the note by suit and judgment, the legal owner can maintain trover, or waive the tort and sue in assumpsit, (if the money has been received) within three years from the conversion or receipt of the money.

3. The rule in reference to demand, in cases arising upon express and implied trust or agency, when necessary to terminate the same and put the statute of limitations in operation, stated by ASHE, J., and distinction drawn.

(*Pugh* v. *Grant*, 85 N. C., 39; *Jackson* v. *Love*, 82 N. C., 405, cited and approved.)

CIVIL ACTION tried at Spring Term, 1882, of HALIFAX Superior Court, before *Bennett, J.*

The following facts were agreed upon:

1. On the 10th day of December, 1862, one David C. Camp covenanted under his hand and seal to pay Ann Camp, the intestate of the plaintiff, the sum of seven hundred and ninety-five dollars with interest from date in manner and form as follows:

"With interest from date I promise to pay Mrs. Ann Camp, or order, the sum of seven hundred and ninety-five dollars for value received, this December 10th, 1862." (Signed and sealed by D. C. Camp.) And the same is credited with fifty dollars, Oct. 12th 1863.

2. That J. O. Camp, the intestate of the defendant, brought suit on said note in his own name on the 6th day of April, 1874, said note being in his possession and produced by him at the trial, and recovered judgment thereon at special term of the court held on the 7th day of December, 1874, against the administrator of D. C. Camp, and received from him $1059.75 on the 14th day of January, 1875, and the residue, $280.46, on the 5th day of March, 1877.

3. The said note was never indorsed to the said J. O. Camp.

4. That J. O. Camp, the intestate of the defendant, died in June, 1879, and the defendant qualified as his administrator on the 6th of August of said year.

5. That Ann Camp, the intestate of the plaintiff, died on the 12th day of September, 1879, and the plaintiff qualified as her administrator on the 1st day of May, 1880.

6. That on the 18th day of May, 1880, the plaintiff demanded of the defendant payment of the aforesaid amounts collected by his intestate as aforesaid, but the defendant refused.

7. That this action was begun the 24th day of May, 1880.

There was judgment for the defendant and the plaintiff appealed.

*Mr. Thos. N. Hill*, for plaintiff.
*Mr. J. B. Batchelor*, for defendant.

ASHE, J.    There are only two questions presented by the record.    First, has the plaintiff a right of action against the defendant; and secondly, is his right of action barred by the statute of limitations?

The note in suit was never indorsed.    The defendant's intestate was the holder, and the plaintiff's intestate had the legal title.    The defendant's intestate unquestionably had the right to bring the action upon the note as holder and recover judgment thereon, for when the holder produces the note sued on, and offers it in evidence, it raises a presumption of fact that he is the owner, and unless rebutted by the defendant entitles him to judgment.    *Pugh* v. *Grant*, 86 N. C., 39; *Jackson* v. *Love*, 82 N. C., 405, and cases there cited.

But it is a presumption which is only evidence against the defendant in an action upon the note, and, as a mere presumption, cannot avail the holder in an action brought against him by the legal owner.

When a note is sued on and reduced to judgment in the name of the holder, it is such a conversion in the absence of any proof as to his right of possession, as will give the

13

legal owner an action of trover against him, and the action would be barred after three years from the conversion. But the legal owner, if he choses to do so, may waive the tort and bring an action in nature of assumpsit for money had and received to his use, where the money has been collected, and the statute in that case bars the action after three years from the time of the receipt of the money, or a demand therefor, according to the relation of the parties.

But it is contended by the defendant's counsel, that while the action of trover is barred after three years from the conversion, the action of assumpsit being in this case for the same cause of action, must be subject to the same limitation. This position of the learned counsel is not supported by the authorities. For it is held that an action of assumpsit may not be barred by the statute, when to an action for a tort upon the same demand the statute may be pleaded. When there has been a tortious taking of his property, the injured party may bring trespass or trover, or he may waive both and bring assumpsit for the proceeds, when it shall have been converted into money; and if he choose the latter mode of redress, the tort-feasor cannot allege his own wrong for the purpose of carrying back the injury to a time which will let in the statute." Angel on Limitations, § 72, and cases cited in note 2.

So in *Lamb* v. *Clark*, 5 Pick., 193, it was held that "where the defendant obtained possession of divers promissory notes without a legal transfer from the owner, and received payment of some of them, more than six years, and of others, within six years next before the commencement of the action, it was held he was liable in assumpsit for the sums received within the six years, and that he was estopped to say that the notes were obtained by fraud, and so an action of trover would have been barred by the statute." This case is directly in point with that under consideration.

The position was taken in the argument before us that

the defendant was an agent and the statute did not begin to run against him until a demand, and the demand not having been made until within three years before the commencement of the action, there was nothing to prevent the plaintiff from recovering the sums received by the defendant, both before and within the three years before the commencement of the action. But in this we do concur. For while it is well settled that time does not bar a direct or express trust, as between trustee and *cestui que trust*, till the trust is put an end to by a disavowal of the trustee (as is evidenced, for instance, by a demand and refusal,) yet it is as well settled that whenever a person takes possession of property in his own name, and is afterwards by matter of evidence or construction of law changed into a trustee, lapse of time may be pleaded in bar. Angel on Limitations §471. And it is laid down by the same author, in section 178, that if one receive money or goods of another, believing that they belong to him, when in fact *ex æquo et bono* they belong to a stranger, that is an implied trust, and the stranger is entitled to recover and he may be barred by the statute of limitations.

We take the distinction to be, that if it is an express trust or agency, a demand is necessary to terminate the trust and set the statute in operation; but if it is only an implied or constructive trust or agency, then no demand is necessary, but the statute is put in motion as soon as the property is taken into possession or the money received. Therefore, as the defendant in the case before us offered no evidence as to the means by which his intestate acquired the possession of the note, he must be deemed a tort-feasor, and as the action of assumpsit is founded in contract, for the purposes of this action, he is regarded as an agent only by construction and becomes liable to the plaintiff's action, as soon as he received the proceeds of the note, and the statute began to run from that time, and no demand was necessary to put it in motion.

We are therefore of the opinion that the sum of one thousand and fifty-nine $\frac{55}{100}$ dollars received by the defendant's intestate on the 14th day of January, 1875, is barred by the statute of limitations, but that there is no bar to the recovery of the sum of two hundred and eighty $\frac{46}{100}$ dollars, with interest, that sum having been received within three years before the death of Ann Camp, plaintiff's intestate, and the action was brought within one year after the issuing of letters of administration on her estate. C. C. P., § 43.

The judgment of the superior court must be reversed and judgment entered in this court in accordance with this opinion.

Error.                                          Reversed.