N. BRYANT and wife v. W. W. PEEBLES.

*Attorney and Agent—Demand—Statute of Limitations.*

It is settled in this State that demand must be made of an attorney or collecting agent, who has collected money for a client or principal, before an action will lie or the statute of limitations begin to run. But, when the reception of the money was unauthorized and wrongful, the plaintiff can waive the tort, and sue for money had and received to his use, without demand; and in this case the statute begins to run when the money is received, and bars the action in three years.

(*Potter* v. *Sturges*, 1 Dev., 79; *White* v. *Miller*, 3 D. & B., 55; *Wills* v. *Sugg*, 3 Ired. 96; *Waring* v. *Richardson,* 11 Ired., 77; *Hyman* v. *Gray*, 4 Jones, 155; *Kivett* v. *Massey*, 63 N. C., 240; *Patterson* v. *Lilly*, 90 N. C., 82; *Wall* v. *Williams*, 91 N. C., 477; *Humble* v. *Mebane*, 89 N. C., 410; *Webster* v. *Laws, Ibid*, 224; *Sain* v. *Bailey*, 90 N. C., 566 ; *Robertson* v. *Dunn*, 87 N. C., 191, cited and approved).

CIVIL ACTION, tried at the Spring Term, 1884, of the Superior Court of NORTHAMPTON county, before *Avery, Judge.*

Judgment for defendant. Appeal by plaintiff.

Messrs. *T. W. Mason* and *Batchelor & Devereux*, for plaintiffs.
Messrs. *W. C. Bowen* and *R. B. Peebles*, for the defendant.

SMITH, C. J.   The *feme* plaintiff, as sole heir-at-law of William Griffith, claims the money, sought to be recovered in this action and produced by a sale of the intestate's land, which was made by the present defendant, then clerk and master under a decree of the court of equity of Northampton.

The purchaser, Matthew Bryant, executed his note therefor under seal and with sureties payable at twelve months.

Before the expiration of the credit, the defendant retired from office and delivered the security to his successor, Geo. B. Barnes, who, after maturity, put it in suit and recovered judgment. Execution was issued to the sheriff, who collected the money from the executor of the principal debtor and paid it over to R. B. Peebles, the supposed attorney, who endorsed on the writ an acknowledgment in these words:

"Received, this the 17th day of December, 1868, of A. J. Harrell, executor of Matthew Bryant, the sum of $422.45 in full of the within execution and costs, except sheriff's commissions. R. B. PEEBLES,

*Attorney, &c.*

A week later the money was paid, under a similar misapprehension, to the defendant, neither being an attorney of record or having authority from the plaintiff to receive it.

The principal defence, and to this alone we direct our attention, set up against a recovery, is the statute of limitation, the suit having been commenced on the 31st day of March, 1880, within three years of which a demand for the money was made by the plaintiff.

The plaintiff meets this objection by the argument that the defendant, assuming to act as agent and attorney in receiving the money, and the plaintiff electing to treat him as such, and to ratify his act, the statute was in repose until a demand and refusal, and being then put in motion, does not bar a recovery.

If it be conceded that the assumed agency was thus rendered lawful and the defendant placed in the same relation to the plaintiff as if original authority had been conferred and the money received under it, while there is some diversity in the adjudications elsewhere as to the necessity of a demand before action, the law is well settled in this State that such demand must be made of a collecting agent who has the money, until which the action will not lie, nor will the statute of limitation begin to run.

The cases to this effect, as cited in the argument for the appellant, are numerous and concurrent. *Potter* v. *Sturges*, 1 Dev. 79; *White* v. *Miller*, 3 D. and B. 55; *Wills* v. *Sugg*, 3 Ired. 96; *Waring* v. *Richardson*, 11 Ired. 77; *Hyman* v. *Gray*, 4 Jones 155; *Kivett* v. *Massey*, 63 N. C. R. 240; *Patterson* v. *Lilly*, 90 N. C. 82.

The principle is not however without qualification, for the interval may be so long, as, with concurring circumstances, to warrant

the inference of a misapplication, strengthened by a denial of liability which will admit of an action without a formal demand and give activity to the statute.

But without considering this aspect of the case, and the effect of the delay of twelve years since the money passed into the hands of the defendant, upon his liability, we propose to inquire whether, under the admitted facts, a demand was indispensable to the maintenance of the suit.

The reception of the plaintiff's money was at the time an unauthorized and wrongful act, which, waiving the tort, she could at once pursue and recover of the defendant as money had and received to her use.

The very receiving involves a liability to account for and pay over to the plaintiff, and the action lies without demand if this be not done.   The reason for a demand is that the agent being in lawful possession and holding the fund for the principal, is not in default until he is called on for the money, and the opportunity to pay should before suit be afforded, to enable the agent to pay. But when there is no such relation between the parties, the obligation to account for and pay to the person entitled, is coincident with and springs out of the very act of receiving.

An analogy is found in the case where one unlawfully takes and sells an article of personal property belonging to another. The owner may waive the tort, affirm the sale and sue the wrongdoer for the money received by him, and no previous demand is required, since the obligation to pay is at once created and is broken by a failure to do so.   *Wall* v. *Williams*, 91 N. C. 477, and authorities therein referred to.

Nor when one undertakes to act for another and in such capacity gets possession of property or money of his alleged principal, is he permitted to deny the latter's right, unless he has been deprived of it, or been compelled, or held responsible to account to one who has a superior title.   *Humble v. Mebane*, 89 N. C., 410; *Webster v. Laws*, Ibid 224; *Sain v. Bailey*, 90 N. C., 566; and cases cited.

The rule is thus stated by Ashe, J., in *Robertson v. Dunn*, 87 N. C., 191:

"When a note is sued on and reduced to judgment in the name of the holder, it is such a conversion, in the absence of any evidence as to his right of possession, as will give the legal owner an action of trover against him, and the action would be barred after three years from the conversion. But the legal owner, if he chooses to do so, may waive the tort and bring an action in the nature of assumpsit for money had and received to his use, where the money has been collected, and the statute in that case bars the action after three years from the time of the receipt of the money, or a demand therefor, according to the relations of the parties."

The wrongful reception of the plaintiff's money thus constituting her cause of action, and her right to sue therefor accruing immediately, the statute starts on its course, and the results of a delay beyond the prescribed period cannot be averted by a subsequent election to treat the party as a *lawful agent*, and his possession, as such, rightful from the beginning.

The plaintiff's case derives no support from the supposed similarity of relations subsisting between agent and principal and those of trustee and *cestui que trust*. There were no contract relations between the parties to this suit which could suspend the operation of the statute, and create a trust. The manner in which the defendant came into possession of the fund puts upon him an estoppel which prevents his controverting the plaintiff's right to it, and may attach to it a trust that may follow it when passing into the hands of another cognizant of the facts, but it does not interfere with the plaintiff's right to sue nor interrupt the running of the statute. It is needless to consider other assigned errors, for the plaintiff is effectually barred of her recovery, and the statutory defence is well pleaded.

The judgment must be affirmed.

No error. Affirmed.