JOHN W. WILEY v. GEORGE W. LOGAN.

*Reference — Jurisdiction of Supreme Court — Partnership — Demand — Agent — Interest.*

1. Where there is any evidence to support the finding of fact by a referee, the jurisdiction of the Supreme Court is limited to correcting any errors of law, and the findings of fact are conclusive.

2. Where claims due a partnership were placed in the hands of an attorney for collection, he is not liable to be called to an account in an action by one of the partners, unless it appears that the other partner is dead.

3. Where notes were put in an attorney's hands for collection, and when sued for an account, he neither produces the notes, nor gives any explanation of their non-production ; *It was held*, that he was chargeable with them.

4. A demand previous to bringing suit in an action for money collected by an agent, is to enable the agent pay it over without incurring the costs of a suit, but a demand is not necessary where the agency is denied, or where a claim is set up exceeding the amount collected, or where the agent's liability is disputed in the answer.

5. An agent or other person who is entitled by contract, or under the law, to compensation measured by a *per centum* of the amount collected, is authorized to at once deduct the amount of his commissions, and is only accountable for the residue.

6. In such case, in an action for an account, if the agent is charged with the entire amount collected, with interest, he is entitled to be allowed interest on his commissions from the date of the receipt of the money.

7. Where exceptions are vague and indefinite, or where they are based upon an alleged want of evidence, but do not point to the evidence itself, but compel the appellate court to search for it in the entire evidence sent up, they will not be considered.

(*State* v. *Wall's Executors*, 8 Ired., 11; *Potter* v. *Sturgis*, 1 Dev., 79; *Moore* v. *Hyman*, 12 Ired., 38; *Hyman* v. *Gray*, 4 Jones, 155; *Kivett* v. *Hussey*, 63 N. C., 240; *Waddell* v. *Swan*, 91 N. C., 108; *Currie* v. *McNeill*, 83 N. C., 176 ; *Overby* v. *Fayetteville B. & L. Ass'n*, 81 N. C., 56 ; *Morrison* v. *Baker*, *Ibid.*, 76 ; cited and approved).

CIVIL ACTION, heard by *Philips, Judge,* upon exceptions to a report of a referee, at Spring Term, 1885, of the Superior Court of MECKLENBURG county.

The plaintiff placed numerous claims which he held against divers persons, in the hands of the defendant, an attorney-at-law, for collection, at different periods during the years 1857, 1858 and 1859, and the present action was instituted on November 4, 1875, against him, for an account and settlement. The complaint also alleges a personal indebtedness of the defendant for goods sold and services rendered, of the value of $200, which is also demanded. The answer meets the charge of indebtedness growing out of the agency for collection or otherwise, by a direct denial, and insists that the plaintiff, upon these transactions and on an adjustment, will be found indebted to the defendant.

At Fall Term, 1876, an order of reference was made, directing J. D. Shaw to take and state an account between the parties, with power to take testimony, when necessary, and to report at the next term of the Superior Court of Mecklenburg. The commission was executed by the referee, and he made his report, finding both the facts and the law, and showing, as the result, a balance of $26.48 due on February 26th, 1877, by the plaintiff to the defendant.

Numerous exceptions were entered by the plaintiff, and passed upon by the Judge, who overruled them, confirmed the report, and gave the defendant judgment for the sum ascertained to be due him, and for costs, from which the plaintiff appealed.

*Mr. Samuel F. Mordecai*, for the plaintiff.
*Mr. W. P. Bynum*, for the defendant.

SMITH, C. J. (after stating the facts). As the findings of fact, where there is any evidence in their support, are conclusive, our appellate jurisdiction can be exercised only in reviewing alleged erroneous rulings in law, and these, as appellant's counsel frankly admits, are few in number, and, in our view, not difficult of disposal.

1. *Exception.* The debts against Whitlock, Maginnis and N. G. Howell, are stricken from the list of claims that are chargeable against the defendant, because, as the referee reports, they were due to the partnership firm of Wiley & Ford, the plaintiff being a member, and were settled in a suit in equity, instituted by Ford against the plaintiff and defendant in 1861, for a settlement of partnership matters, there being no evidence that this suit terminated in a decree, or that the debts were ever paid by the defendant.

Assuming, as we must, that these were partnership funds, they were, or ought to have been, disposed of in that proceeding. We notice but two of these claims, those against Whitlock and Howell, specified in the referee's finding, unless that against "Maginnis" is intended for some other debtor, whose name is miscalled, (and there are other specified debtors in the clause of the report to which the referee's ruling equally applies), but the underlying principle on which the referee acted is common to all.

In the absence of the partner, Ford, from the present suit, unless by his death the joint interest survives, of which we have no information, these claims ought not to have place in the individual account of the plaintiff. This exception is disallowed.

2. *Exception.* The next exception is to the referee's refusal to charge the defendant with the three notes of Sylvester Weaver, respectively of $100, $85 and $40. The referee reports that these claims were solvent, and it does not appear that they were produced at the hearing, or any explanation offered of their absence.

They are rejected on the ground that no demand was made before suit on defendant for payment or settlement.

The exception must be sustained for the reasons given, for their exclusion from the defendant's debits are wholly insufficient, and without support in law.

· The notes not being produced, and no explanation made concerning them, after their having been so long in the defendant's hands, furnishes evidence that the moneys have been collected and misused. It was so held in regard to a constable, acting as a collecting agent, in *State* v. *Wall's Executors*, 8 Ired., 11: "This presumption arises," in the words of NASH, J., "from the fact that when the action is brought, the note is neither surrendered, nor is it in any way accounted for." If so, this was a direct breach of the defendant's undertaking.

A demand previous to bringing an action for money collected by an agent, is to enable the latter to pay it over without incurring the cost of suit, for the principal must seek him, and not he the principal. *Potter* v. *Sturgis*, 1 Dev., 79; *Moore* v. *Hyman*, 12 Ired., 38; *Hyman* v. *Gray*, 4 Jones, 155; *Kivett* v. *Hussey*, 63 N. C., 240. But a demand is not required where the agency is denied, or a claim set up exceeding the amount collected, or the agent's responsibility is disputed in the answer. *Waddell* v. *Swan*, 91 N. C., 108, and cases cited in the opinion. The defendant must be charged with these sums.

3. *Exception.* The exception to an allowance of interest on the defendant's commissions, cannot be supported. An agent or officer, entitled under contract or by law to compensation, measured by a *per centum* on the amounts he may collect, is authorized at once to deduct the sum to be retained, and to charge himself with the excess only.

If he does not do this, but charges himself with the whole sum, and credits his account with his commissions, interest should be computed thence on both, and the same precise result is reached as if he had pursued the course just suggested.

The other exceptions relate largely to questions of fact, and are vague in terms, while others, based upon an alleged want of evidence, do not point to the evidence itself, but compel us to search for it in the mass of testimony reported, and we

cannot entertain them without a disregard of established practice. They are not considered. *Currie* v. *McNeil*, 83 N. C., 176; *Overby* v. *Fay. B. & L. Ass'n*, 81 N. C., 56; *Morrison* v. *Baker, Ibid.*, 76.

The account must be reformed as directed in this opinion, and in order thereto, it is referred to the clerk to make the required modification and report, so that final judgment may be entered.

Error.　　　　　　　　　　　　　　　　　　　Reversed.