JAMES I. MOORE v. W. H. GARNER, Adm'r of ROBERT GARNER.

*Evidence—Burden of Proof—Statute of Limitations—Agency—*
*Demand—Payment.*

1. Where the lapse of time is pleaded in bar of an action, the burden is
   on the plaintiff to show that the action was commenced within
   the period permitted by the statute of limitations.

2. In this State the general rule is, that an action cannot be maintained
   against a collecting agent, who has received and has in hand funds
   belonging to his principal, until after demand made ; but where
   the defendant denies the agency, or it is shown he has misused
   the funds, no precedent demand is necessary.

3. Where a judgment debtor placed in the hands of the judgment credi-
   tor claims and other property to be collected and converted into
   money, and applied to the satisfaction of the judgment, and the
   creditor was shown to have collected the moneys but failed to
   apply it as agreed : *Held,* (1) that upon the collection of the money
   an appropriation, *ipso facto,* was made to the judgment, and sat-
   isfaction thereof should have been entered ; (2) and that no de-
   mand was necessary to be made before the commencement of an
   action by the debtor against the creditor for the recovery of any
   sums due upon such collection.

This is a CIVIL ACTION, which was tried before *Merrimon, J.,*
at April Term, 1888, of GRANVILLE Superior Court.

The plaintiff sued the defendant in the Court of a Justice
of the Peace to recover certain moneys alleged to have been
collected, by his intestate, upon a promissory note against J.
S. & W. H. Joyner, and from the sale of a rockaway placed
in his hands, the proceeds of which were to be applied to the
discharge of two judgments against the plaintiff in favor of
J. S. Bailey, but assigned to the defendant's intestate, dock-
eted in the Superior Court of Franklin, which the intestate
failed to do.

The defendant denied the plaintiff's allegations, and set
up the defence of the statute of limitations to the demand.

The plaintiff failing to recover judgment upon the trial of his action, removed it, by appeal, to the Superior Court of Granville, where it was again tried, upon a single issue, in these words:

"Is the defendant indebted to the plaintiff; if so, in what sum?"

From the judgment rendered pursuant to the verdict, the plaintiff appealed to this Court.

It was admitted that the two docketed judgments had been assigned and belonged to the intestate Robert Garner, and had been revived and leave given to issue executions on each, at the February Term, 1887, of the Superior Court of Franklin, after notice served on and resistance thereto offered by the plaintiff.

The plaintiff alleged that the funds so provided and delivered to the intestate were sufficient to discharge said indebtness, of the failure to do which he first had information by the service of the notice of the intended application to revive the judgments.

The plaintiff's evidence is as follows:

J. S. Joyner testified: That eight or ten years ago he owed plaintiff a note for about $300, and paid thereon about $150; that sometime thereafter defendant's intestate told him that the plaintiff had sold note to defendant's intestate, and he paid the intestate balance, except $9.50, which he paid defendant in the spring of 1884. The payment to intestate was made prior to 1880, and on one occasion he let the plaintiff, on intestate's order, have $10 or $12, in groceries, as he said he was hard-up. (During the examination of the witness, the Court intimated to plaintiff's counsel that, according to his own showing, his claim was barred by the statute of limitations. Counsel replied, that they alleged and proposed to show that Robert Garner took the claims as plaintiff's agent, for collection, and that the statute did not begin

to run till demand.)   Robert Garner died in December, 1883, and that defendant took out letters of administration in January, 1884.

R. R. Holmes testified: My father and I owed Mr. Joyner a debt of about $50, which was transferred to Robt. Garner; I paid Robt. Garner in his life-time $15, and balance to the administrator; I never knew Moore in the transaction.

The plantiff, under objection from defendant, testified: That two years after the death of Robt. Garner he had a conversation with the defendant, in which he (plaintiff) told him his father had said the Bailey judgment had been paid, and that he (Moore) had let him have a rockaway upon the debt, and that the defendant then said that he knew his father had gotten the rockaway, for he bought it from him at $106. Defendant objected and excepted to this testimony.

H. M. Hicks said : That two or three years before the death of Robt. Garner, Jas. I. Moore, then living in Oxford, was thought to be on his death-bed, and he was called in to witness his will, and while there Robt. Garner came in and Moore said to him, " Bob, have you settled those matters," and Garner replied, " Yes, Jim, it is all paid except a little cost, which I will pay, and hold the land for Stella, and she shall not be disturbed "; that he did not know what they were talking about, but understood it was a claim against a man in Franklin whose name he had forgotten.

James A Moore, son of plaintiff, testified: Knew my father sold Garner a rockaway ; don't know whether he ever paid for it; heard Garner say that the Bailey debt had been paid, except some cost; this was at the time when my father was thought to be on his death-bed in Oxford.

The defendant introduced no evidence.

His Honor charged the jury that it devolved upon the plaintiff to show that his claim was not barred by the stat- ute of limitations; that he must show that demand was made before bringing this action (and that there was no evi-

dence of any demand), and that this action was brought within three years after such demand, or he could not recover. To this charge the plaintiff excepted.

There was a verdict for the defendant, and from the judgment rendered thereon the plaintiff appealed.

*Mr. N. Y. Gulley* (by brief), for the plaintiff.
*Mr A. W. Graham*, for the defendant.

SMITH, C. J., (after stating the case.)   There seems to have been no separate issue as to the statutory bar, and as the only exception taken to the charge of the Judge is directed to his instructions on that part of the defence, we must understand it to have been allowed under the broad and comprehensive terms of the issue that was submitted and answered by the jury.

There can be no question of the correctness of the proposition which places on a plaintiff, when the lapse of time is relied on as a bar to the suit, the burden of showing that it was begun within the limits of the statute. The former system of pleading required a replication, averring that the action was begun in time.   The force of the objection lies to so much of the direction given to the jury as requires the plaintiff to "show that the demand was made before bringing this action," of which no evidence had been offered—an instruction unavoidably leading to an adverse verdict.

The rule in this State, though disowned in many others, undoubtedly is that a demand must be made of a collecting agent, whose duty it is to pay over moneys received to his principal, when he has such, before he becomes amenable to an action; and this has been held, in the case of constables, in *Potter* v. *Sturges,* 1 Dev., 79; *White* v. *Miller,* 3 D. &. B., 55; *Willis* v. *Sugg,* 3 Ired., 96, and *Kivett* v. *Massey,* 63 N. C., 240, and in the case of other agencies for collections, in *Waring*

v. *Richardson,* 11 Ired., 77 ; *Hyman* v. *Gray,* 4 Jones, 155 ; *Patterson* v. *Lilly,* 90 N. C., 82, and *Bryant* v. *Peebles,* 92 N. C., 176.

But the rule is not absolue and without qualification, but rests primarily upon the supposition that the agent has the fund, and is not in default until an opportunity is afforded, upon the demand of his principal, to pay it over to him. If he has misused the money, that act itself is a breach of the obligation, and exposes the agent to an immediate suit, and in this case no precedent demand is necessary, but only evidence of the misapplication. *Waring* v. *Richardson, supra,* and other cases.

In *Bryant* v. *Peebles,* already cited, as to the necessity of a demand before action, the Court say, " that such demand must be made of a collecting agent who has the money, until which the action will not lie, nor will the statute of limitations begin to run."

In *Waddell* v. *Swann,* 91 N. C., 108, MERRIMON, J., uses this language in the opinion : " Ordinarily, under the contract of agency the agent is entitled to be notified by his principal to deliver to him the money or other thing in his hands, as the agent, the object being to give him an opportunity to do so without action. This notice or demand implies, and is given upon the supposition, that the agent recognizes the relation between himself and his principal, and that he will freely do his duty as required. But if he denies the agency, what purpose could a demand serve ? It would be useless and nugatory."

The same doctrine is repeated in passing upon the 2d exception in *Wiley* v. *Logan,* 95 N. C., 358.

If the contract created an agency to collect and convert the rockaway into money (and such was the view of defendant's counsel), in order to render necessary a demand before suit, it did not, as the plaintiff contends, stop there, but the intestate was to discharge the judgments by thus using the money,

and some evidence of this is derived from the conversation had between the parties to the action since the death of Robert Garner. If this application of the moneys received was to be made, and was not made—for the judgments were not satisfied, but are being enforced as still subsisting debts— the action would lie. This aspect of the case seems to have been ignored in the charge, and the case submitted to the jury as one of a mere collecting agency.

If the funds were to be used in paying the judgments, as they belonged to the intestate the appropriation would be *ipso facto* made as ruled in *Ruffin* v. *Harrison,* 81 N. C., 208, affirmed on the re-hearing in 86 N. C., 190, and satisfaction should have been entered. The intestate did not thus apply them, and his administrator denies any obligation to do so, and is pressing payment.

There is error in the Judge's assuming the agency to be one where the demand is necessary, and that it was indispensable to the maintenance of the suit, instead of leaving the jury to determine the kind and character of the intestate's undertaking. There is error, and the judgment must be reversed.

Error.