NOAH E. WYRICK, Executor, *v.* MARY E. WYRICK et al.

*Statute of Limitations—Final Account of Administrator.*

The administrator of A. filed an *ex parte* final account in May, 1875, showing a balance due the next of kin. The administrator died in April, 1883. In May, 1883, the plaintiff qualified as his executor, and in September, 1884, began a proceeding to make real estate assets, to which the administrator *de bonis non* of A. became a party, and filed a complaint to recover the amount due on said final account: *Held,* that the date when the action of the administrator *de bonis non* was commenced was the date when the summons issued in the special proceeding to make real estate assets and that the statute of limitations (*The Code,* §159) did not bar the action.

This was an ISSUE OF DEBT, arising in a proceeding to make real estate assets, and tried before *Bynum, J.,* at February Term, 1889, of GUILFORD Superior Court.

Noah E. Wyrick, executor of George Wyrick, deceased, filed his application to sell real estate to create assets for the payment of debts of his testator. Summons issued and complaint filed September 22d, 1884. The defendant Barbara Cable, a daughter and devisee of plaintiff's testator, whose lands were charged with the payments of debts, filed an answer denying the necessity of the sale. An account was

taken by the Clerk, report made and exceptions filed.` The exceptions were argued before his Honor, Judge Shipp, at August Term, 1888, at which term Thomas Webb, administrator *de bonis non* of one Jane Green, was allowed to become a party, and he on the 14th day of November, 1888, filed a complaint alleging that there was due the estate of his intestate, as appeared by the settlement of her estate by George Wyrick, her administrator, for distribution among her next of kin on the 11th day of May, 1875, the sum of one hundred and thirty-three dollars and sixty-eight cents ($133.68), to which complaint the defendant Barbara and her husband filed an answer, alleging that the distributees had been paid, and pleading the statute of limitations.

The following facts were admitted or found:

That George Wyrick, testator of petitioner Noah E. Wyrick, became the administrator of Jane Green, deceased, on the __ day of February, 1873, and that on the 11th day of May, 1875, his final account as such administrator was filed and audited; that there was on that last named day in his hands for distribution among her next of kin one hundred and thirty-three dollars and sixty-eight cents; that said George Wyrick died on the 22d day of April, 1883, and Noah E. Wyrick qualified as executor May 7th, 1883; that the plaintiff Webb became administrator *de bonis non* of Jane Green on the 29th day of April, 1886.

The defendant Barbara Cable contended that as this action was brought for the benefit of the distributees that the action of plaintiff Webb was barred by the statute of six years, seven years and ten years, as pleaded in the answer, and argued further to the Court, that plaintiff Webb's action not being on an official bond, was barred after the lapse of three years from 11th day of May, 1875.

His Honor held that the date of plaintiff Webb's action was the date of the issuing of the summons of Noah E. Wyrick, executor, to-wit, the 22d day of September, 1884,

and instructed the jury to find that the plaintiff Webb's action was not barred by the statute of limitations. To which ruling and instructions the defendant Barbara excepted.

There was a verdict for plaintiff Webb, and judgment, from which the defendant Barbara appealed.

No counsel for plaintiff.
*Mr. J. T. Morehead,* for defendant.

SHEPHERD, J.: The only question necessary to be considered in order to dispose of this appeal is whether the claim represented by James Webb, as administrator *de bonis non* of Jane Green, is barred by the statute of limitations.

When George Wyrick, the administrator of the said Jane Green, filed his *ex parte* final account, on the 11th of May, 1875, it did not have the effect of closing the trust as between him and the distributees, so as to put in operation any statute of limitation for a shorter period than ten years.

Before the adoption of the Code of Civil Procedure there was no statutory limitation or presumption which was put in force by the simple filing of such an *ex parte* final account, and the Courts applied only the common law presumption of payment arising from the lapse of many years of inaction. *Davis* v. *Cotten,* 2 Jones' Eq., 435; *McCraw* v. *Fleming,* 5 Ired. Eq., 348.

For the reasons given in *Woody* v. *Brooks,* 102 N. C., 334, we think that *The Code,* § 159 (which bars all actions in ten years which are not specially provided for), applies to such cases, as it does also to an action brought to impeach such final account. We are of this opinion because it was the evident purpose of *The Code* to prescribe a period of limitation to all actions whatsoever, and thus make it a complete statute of repose. Where, however, there has been a settlement between the trustee and *cestui que trust,* or a final

determination of the amount due by a decree of Court, the trust is closed, and an action will be barred within three years from a demand and refusal. *Spruill* v. *Sanderson*, 79 N. C., 466; *Whedbee* v. *Whedbee*, 5 Jones' Eq., 393; *Barham* v. *Lomax*, 73 N. C., 78; *Woody* v. *Brooks*, *supra*.

Applying these principles to the case before us, it is clear that up to the time of the commencement of this proceeding, in 1884, the claim of the distributees was not barred. Only eight years ran against the distributees up to the death of the administrator, and this proceeding was commenced by his executor about a year afterwards. So that, from the filing of the final account in 1875 to the beginning of the proceeding, but nine years have elapsed.

Even if the trust had been closed by a decree declaring a balance due the distributees, the claim would not be barred, as it does not appear that there was any demand and refusal.

If, then, the claim was not barred when this proceeding was instituted it is not barred at all, as the very purpose of the proceeding is to subject the lands of the testator to the payment of this and all other indebtedness of the estate. James Webb, the administrator *de bonis non*, was not a necessary party, since, for the purposes of the proceeding, he and all others having legal demands against the estate were represented by the plaintiff executor. Especially is this true as to this particular claim, as the executor acknowledges it, and asks that it be paid.

His Honor was, therefore, correct in holding that the claim was not barred.

Judgment affirmed.