\* COUNTY BOARD OF EDUCATION OF GRANVILLE COUNTY v. STATE BOARD OF EDUCATION.

*Statute of Limitation—Trust—The Code, § 155 (4).*

When a trustee notifies the party for whom he holds funds that he disavows the trust and will pay the funds over to another party, and does so, this is a conversion, and the statute of limitation begins to run, so that the cause of action is barred in three years. *The Code,* § 155 (4).

Appeal in a CIVIL ACTION, tried before *Womack, J.,* at April Term, 1890, of GRANVILLE Superior Court.

The defendant, the State Board of Education, in its apportionment of the school funds in August, 1881, found it impossible to apportion to the county of Vance, which had been created by an act ratified March 5th, 1881, for want of a school census of the new county. It thereupon proceeded to apportion to Granville, Franklin and Warren counties, out of which the new county had been formed, as if it had not been created, and directed that the Board of Education of each of the three counties should pay to the Board of Education of Vance the sum to which the territory cut off

---

*Head-notes by CLARK, J.

from the respective counties was entitled. The plaintiff was notified of such arrangement, and drew for the full amount, including the sum it was instructed to pay Vance County. This was afterwards ascertained to be $824.25. The plaintiff did not pay over that sum to Vance, and after repeatedly calling upon it to do so in vain, the defendant deducted that sum from Granville in the apportionment of 1883, and paid it to the Board of Education of Vance. Appeal by plaintiff.

*Mr. Robert W. Winston*, for plaintiff.
*Messrs. J. B. Batchelor* and *John Devereux, Jr.*, for defendant.

CLARK, J.: On November 6th, 1883, the defendant apportioned to the plaintiff $1,047 as its proportion of the school funds in its hands for distribution. On May 31st, 1884, the defendant paid over $824.25 thereof to the County Board of Education of Vance County, and immediately notified the plaintiff thereof, and the plaintiff subsequently drew for and received the balance. This action was begun in September, 1888, to recover the $824.25.

After the apportionment made in November, 1883, the defendant held the amount apportioned to the plaintiff for and in its behalf, and subject to its requisition. The payment of $824.25 to Vance County was a conversion thereof, and the statute of limitation began to run from said payment, and notice thereof given to plaintiff. "The trust was put an end to by the disavowal of the trustee." *Robertson* v. *Dunn*, 87 N. C., 195. It was certainly as distinct a disavowal as a demand and refusal could have been.

As more than three years thereafter elapsed before the beginning of this action, the demand is barred. *The Code*, § 155 (4); *Currie* v. *McNeill*, 83 N. C, 176.

This renders it unnecessary to consider the other exceptions in the record.

*Per Curiam.*					No error.