JANE E. KENNEDY v. M. A. CROMWELL, Adm'r, et al.

*Statute of Limitations—Guardian and Ward.*

1. Where the cause of action against an executor, administrator or guardian is for a breach of the bond, it is barred as to the sureties after three years from the breach complained of. *The Code,* 155 (6).

2. Where the cause of action is to recover the balance admitted to be due by the final account, it is barred as to sureties on the bond after six years from auditing and filing such final account. *The Code,* 154 (2).

3. Whether such final account is or is not filed, if there is a demand and refusal, the action is barred as to both the principal and sureties on said bond in three years.

4. When such final account is filed, and there is no demand and refusal: *Quere,* whether the action as to the executor, administrator or guardian himself is barred in six years or ten years.

108—1

5. When there is no final account filed: *Semble*, that the statute begins to run from the arrival of the ward of age, but whether in such case three years or ten years bars, *quere*.

6. When the statute begins to run the subsequent marriage of the *feme* plaintiff will not stop it.

CIVIL ACTION, tried before *Whitaker, J.,* at Fall Term, 1890, of EDGECOMBE Superior Court.

The facts appear in the opinion

Judgment for plaintiff, and overruling the plea of the statute of limitations. Appeal by defendant.

*Mr. J. L. Bridgers,* for plaintiff.
*Messrs. G. M. T. Fountain, H. L. Staton,* for defendant.

CLARK, J.: *The Code,* 154 (2), bars an action against an executor, administrator or guardian on his official bond within six years after filing his audited final account, while by *The Code,* 155 (6), an action against the sureties on such bond is barred within three years after breach complained of.

As the action on the official bond necessarily embraces the sureties, it would seem that the distinction is, that where the final account is filed admitting a balance to be due, but no breach is alleged, such balance as to the sureties is conclusively presumed to be paid over after the lapse of six years if the statute of limitations is pleaded; whereas, if a breach is alleged before or after filing final account, as a *devastavit,* a failure to file final account, a demand and refusal to pay balance due by final account, or any other breach of the bond, the sureties are discharged by a delay to sue for more than three years after the breach which is complained of as the cause of action. *Norman* v. *Walker,* 101 N. C., 24.

When the executor, administrator or guardian files his final account, and there is a demand and refusal, the action as to him is barred in three years. *Wyrick* v. *Wyrick,* 106 N. C., 84.

When he files such final account, and there is no demand and refusal, whether the action is barred as to him in six years under *The Code,* 154 (2) (*Vaughan* v. *Hines,* 87 N. C., 445), or in ten years by virtue of *The Code,* 158 (*Wyrick* v. *Wyrick, supra*), we are not called on to decide in the present case. Here, though one annual account was filed, no other was subsequently filed, nor any final account. Under such circumstances, whether or not there is an unclosed express trust against which no statute runs, was left an open question by PEARSON, J., in *Hamlin* v. *Mebane,* 1 Jones' Eq., 18, but SMITH, C. J., intimates strongly in *Hodges* v. *Council,* 86 N. C., 186, that even in such case the cause of action accrued upon the ward becoming of age, and that it would be at least barred by the lapse of ten years (*The Code,* § 158), and possibly in three years, citing Angell on Lim., sections 174, 178. In *Wyrick* v. *Wyrick, supra,* the Court (SHEPHERD, J.) say that " it was the evident purpose of *The Code* to prescribe a period of limitations to all actions whatever, and thus make it a complete statute of repose," whether the limitation is three years or ten years from the ward's majority, when no final account has been filed and there has been no demand and refusal. In the present case there was a demand and refusal. This put an end to the trust of itself, if it was not before terminated by the ward's becoming of age and capable of suing. By the demand and refusal the relation of the parties became adversary, and it is clear that the action would be barred by a delay to sue within three years thereafter. *Robertson* v. *Dunn,* 87 N. C., 191; *Patterson* v. *Lilly,* 90 N. C., 82; *Woody* v. *Brooks,* 102 N. C., 334; *County Board of Education* v. *State Board of Education,* 107 N. C., 366.

In the present case the facts as found by the referee and the findings approved by the Court are, that the guardian qualified in 1861, made his returns in 1862, has made none since, and filed no final account. The ward, the plaintiff,

married in 1872, and. became of age in August, 1873, before which time her husband had died. She married again in 1879. In September and October, 1877, the plaintiff wrote her former guardian, saying, in substance, that she hoped something was due her, and asking him to send it. To these letters the guardian replied that he had expended for her more than was due her. This was a demand and refusal, a denial of any liability or trust in respect to the plaintiff. This action was begun 24th September, 1888. This was more than fifteen years after the plaintiff became of age, being then discovert, and more than ten years after the demand and refusal. The statute having begun to run, could not be stopped by the subsequent marriage of the plaintiff. *The Code,* § 169.

In any aspect of the case, the claim of the plaintiff was barred by the statute of limitations, and the Court below should have dismissed the action.

MERRIMON, C. J., dissenting: I am of opinion that the plaintiff's cause of action is not barred by any statute of limitation. The intestate of the defendant was her guardian, a trustee of an express trust, which has never been closed as required by the statute pertinent (*The Code,* §§ 1617, 1619), or otherwise, nor did the intestate at any time deny or disavow the trust. In such case, no statute of limitation applies. In *Grant* v. *Hughes,* 94 N. C., 231, the Court say: "The action is not brought upon the official bond as administrator of the testator of the defendant    It is brought to compel an account and settlement of the estate of the intestate of the plaintiff in his hands in his life-time. He was a trustee of *an express trust,* and the statute of limitations did not apply."

This case was afterwards cited in *Woody* v. *Brooks.* 102 N. C., 334, with approval, and the late Chief Justice SMITH said, among other things, " Until a final account is filed and audited, there can be no bar; nor is there any as to a balance

admitted to be due by such final account, unless the execu-
tor or administrator can show that he has disposed of it in
some way authorized by law, or unless there has been a
demand and refusal to pay *such admitted balance*, in which
case the action is barred in three years after such demand
and refusal." In this case, the intestate never accounted by
filing any final account; there was no admitted balance, nor
did he ever come to an account or settlement in any way
with the plaintiff. This express trust remains to this day
unclosed. Other decisions to the like effect might be cited.

Furthermore, in my judgment, there was no sufficient
evidence—none that should be treated as evidence—of a
demand on the part of the plaintiff upon the intestate, her
guardian, that he come to an account and settlement with
her, and a refusal on his part to do so. The intestate of the
defendant was the plaintiff's guardian, and her uncle; he
had never accounted as such, had neglected to state and file
accounts as the statute required. Twice she wrote him, say-
ing, in substance, that she hoped there was something due
her as his ward. He simply said, hastily, in reply, that she
had already received more than was due her. What she
thus said could not fairly, especially in view of the relations
of the parties, be treated as a demand for a settlement, nor
what the intestate said a refusal to account. The parties
had not reached the point of demand on one side and refusal
on the other. The plaintiff did not say, or mean to say,
" You owe me, and I demand a settlement," nor did the
guardian say, or intend to say, " I do not owe you, I will not
account with you, seek your legal remedy," or the substance
of that. The language was not fairly that of demand and
refusal. In such cases the demand and refusal should be clear
and unmistakable. Here the plaintiff was the niece of her
guardian. She simply made a timid inquiry and request of
the latter. He did not say, " I am ready to account with
you," as he ought to have done, and was bound to do, no

doubt because he did not understand that a demand of settlement was made upon him. The guardian was derelict, never accounted; the plaintiff was trustful and confiding, and hence loses any sum due her! I do not think the law so intends.

*Per Curiam.*                                        Error.