ROBERT FALKNER v. H. H. THOMPSON.

*Practice—Case on Appeal—Omission and Unintelligible Statement of Facts.*

1. Where, in the case on appeal, there is not a sufficient recital of the evidence or of the facts admitted or proven to point the exceptions or to enable the Court to ascertain what errors of law are complained of, this Court will affirm the judgment below.

2. Where the report of a referee, which was set aside below and a jury trial had, is sent up unnecessarily with the transcript and no intelligible case on appeal is filed, this Court cannot know that the evidence reported by the referee is identically the same as was produced on the trial before the jury, or that the Judge's rulings were on the same state of facts, and could it do so, this Court will not wade through the entire evidence to ascertain what the case on appeal should clearly state.

CIVIL ACTION, tried before *Winston, J.,* at November Term, 1891, of ORANGE Superior Court. The action was tried by a referee. On the coming in of his report the defendant demanded a jury trial, which was granted. The jury returned a verdict for plaintiff. Judgment accordingly. Appeal by defendant.

*Mr. C. D. Turner,* for defendant (appellant).
No counsel *contra.*

CLARK, J.: The case on appeal is made out by appellant, no counter case, as far as the record shows, having been filed. Three exceptions appear therein, but there is not a sufficient recital of the evidence, or of the facts admitted or proven, to point the exceptions or to enable the Court to declare, otherwise than by way of surmise, what errors of law are alleged to have been committed below. In such case the Court will affirm the judgment below. *Williams* v. *Whiting,* 92 N. C., 683. Indeed, taking only the facts recited in the case on appeal, the case is unintelligible.

It is possible that the appellant may have conceived that we could take the facts from the evidence before the referee and his findings thereon, as these have been (unnecessarily) sent up in the transcript. But the referee's report .was set aside at the appellant's instance. There is nothing to indicate that identically the same evidence was produced on the trial before the jury, nor that the Judge's rulings were upon the same state of facts. But were it so, the Court would not wade through the entire evidence to ascertain the particular facts in reference to which the ruling objected to was made. *Wiley* v. *Logan,* 95 N. C., 358. The judgment must, therefore, be

Affirmed.