JOSEPH HORRY, JR. v. DAVID H. WOODBURY, INDIVIDUALLY AND AS THE EXECUTOR OF THE ESTATE OF RUTH N. HORRY

No. 198A08

(Filed 6 February 2009)

## Estates— beneficiary's action against executor—acts as attorney-in-fact—standing—claim for conversion

The decision of the Court of Appeals in an action by plaintiff estate beneficiary for alleged conversion by defendant, the executor of decedent's estate, based upon acts as decedent's attorney-in-fact prior to decedent's death is reversed for the reasons stated in the dissenting opinion that (1) plaintiff had standing to bring the action without making a demand upon defendant executor or petitioning the clerk of court for the executor's removal; and (2) plaintiff established a claim for conversion where defendant closed two bank accounts he and decedent had individually opened with decedent's funds and owned as joint tenants with right of survivorship and individually opened two new joint owner accounts with funds from the closed accounts by signing on the signature cards his name as owner and decedent's name as her attorney-in-fact; defendant's survivorship rights in the source accounts ended when the source accounts were closed; the signature cards for the new accounts did not comply with N.C.G.S. § 53-146.1 and thus did not create a valid right of survivorship in defendant because defendant was prohibited by N.C.G.S. § 32A-14.1(b) from using the power of attorney in favor of himself and decedent never personally signed the signature cards; and the funds in the new accounts thus belonged to plaintiff as the sole beneficiary of decedent's estate.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 189 N.C. App. 669, 659 S.E.2d 88 (2008), reversing and remanding orders entered on 21 September 2005 and 8 October 2005 by Judge Steve A. Balog in Superior Court, Durham County, and instructing the trial court to dismiss plaintiff's claims. Heard in the Supreme Court 19 November 2008.

*Brady, Nordgren, Morton & Malone, PLLC, by Travis K. Morton, for plaintiff-appellant.*

*Hedrick Murray Bryson Kennett Mauch & Connor PLLC, by Josiah S. Murray, III, for defendant-appellee.*

STATE v. LLAMAS-HERNANDEZ

[363 N.C. 8 (2009)]

PER CURIAM.

For the reasons stated in the dissenting opinion, we reverse the decision of the Court of Appeals.

REVERSED.

———————

STATE OF NORTH CAROLINA v. MARIO LLAMAS-HERNANDEZ

No. 220A08

(Filed 6 February 2009)

**Evidence— lay opinion testimony—substance was cocaine**

The decision of the Court of Appeals finding no error in defendant's trial and conviction of trafficking in cocaine by possession of 28 grams or more but less than 200 grams is reversed for the reason stated in the dissenting opinion that the trial court erred by allowing two detectives to express lay opinions that a white powder substance found in an apartment leased by defendant was cocaine.

Appeal pursuant to N.C.G.S. § 7A-30(2) from the decision of a divided panel of the Court of Appeals, 189 N.C. App. 640, 659 S.E.2d 79 (2008), finding no error in a judgment entered 14 September 2006 by Judge W. Robert Bell in Superior Court, Mecklenburg County. Heard in the Supreme Court 18 November 2008.

*Roy Cooper, Attorney General, by LaToya B. Powell, Assistant Attorney General, for the State.*

*Kevin P. Tully, Public Defender, by Julie Ramseur Lewis, Assistant Public Defender, for defendant-appellant.*

PER CURIAM.

For the reasons stated in the dissenting opinion, the decision of the Court of Appeals is reversed.

REVERSED.