IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA19-739

Filed: 7 July 2020

Onslow County, No. 18CVS3707

WENDY PIPER STITZ, GLENN THOMAS PIPER, and NADINE PIPER TIMPANARO, Plaintiffs,

v.

LAUREN PIPER SMITH and husband COLIN BRYANT SMITH, Defendants.

Appeal by Plaintiffs from order entered 25 February 2019 by Judge Phyllis M. Gorham in Onslow County Superior Court. Heard in the Court of Appeals 4 March 2020.

> *Harvell and Collins, P.A., by Wesley A. Collins and Samuel K. Morris-Bloom, for Plaintiffs.*

> *Mewborn & DeSelms, Attorneys at Law, by Brett J. DeSelms and Sarah N. Sherrington, for Defendants.*

DILLON, Judge.

Plaintiffs Wendy Piper Stitz, Glenn Thomas Piper, and Nadine Piper Timpanaro (collectively "Plaintiffs") are siblings. They brought this action against their sister, Defendant Lauren Piper Smith, and her husband Defendant Colin Bryant Smith (collectively "Defendants"). Plaintiffs claim that Defendants wrongfully converted certain assets of their mother ("Mother"), now deceased, during Mother's lifetime while Defendants lived with Mother.

Plaintiffs appeal from an order entered by the trial court dismissing their claims for lack of subject matter jurisdiction (based on the pendency of a separate caveat in Mother's estate proceeding) and for failure to state a claim.

## I. Background

This matter is a dispute over two assets, which, as alleged by Plaintiffs, are as follows: (1) the proceeds from savings bonds owned by Mother and Plaintiffs that were liquidated by Mother during her lifetime and placed into an account jointly owned by Mother and Defendant Lauren and (2) an annuity, in which Defendant Lauren was the sole beneficiary, which was acquired by Mother converting a certain life insurance policy she owned in which all of her children had been named beneficiaries.

The allegations of the complaint state essentially as follows:

During her lifetime, Mother purchased a number of Series EE Savings Bonds, where each bond was owned by Mother and one of her children, such that each of her children co-owned some bonds with her. Also, Mother purchased a life insurance policy, naming her children as beneficiaries.

In 1989, Defendants moved in with Mother and remained there until Mother's death twenty-seven (27) years later.

In 2008, Mother executed a power of attorney naming her daughter, Defendant Lauren, as her attorney-in-fact.

At some point, Defendants learned of the savings bonds. In late 2012 and early 2013, Defendants transported Mother to the bank to cash in the savings bonds Mother owned with each Plaintiff. The proceeds were placed into an account jointly owned by Mother and Defendant Lauren. Mother directed Defendant Lauren to send the proceeds from the bond sales to each Plaintiff.

In late 2013, Mother executed her Last Will and Testament, naming Defendants as the sole beneficiaries. She expressly left nothing to any of the Plaintiffs, stating that this was due "not for the lack of affection, but because I have made gifts to them previously, including savings bonds which I have bought in their names."

Shortly after signing her will, Mother rolled her life insurance policy, in which all her children were named beneficiaries, into an annuity, naming Defendants as the sole beneficiaries.

In 2016, Mother died. In 2017, Defendant Lauren qualified as the Executrix of Mother's estate.

Plaintiffs only learned of the savings bond proceeds and the annuity after their Mother's death. They requested that Defendants turn over the proceeds to them, but Defendants refused.

In 2018, Plaintiffs filed a caveat to their Mother's will. Also, in 2018, they filed this separate civil action concerning the savings bond proceeds and the annuity.

Defendants moved to dismiss Plaintiffs' complaint in this civil action. The trial court granted Defendants' motion based on Rule 12(b)(1) and Rule 12(b)(6).

Plaintiffs appealed.

## II. Analysis

### A. Rule 12(b)(1)

The trial court dismissed Plaintiffs' claim pursuant to Rule 12(b)(1), presumably based on the pendency of the caveat in Mother's estate proceeding.

We conclude that the trial court erred in dismissing Plaintiffs' claims based on Rule 12(b)(1), as the subject-matter of the claims in this action are not part of Mother's estate. Specifically, the deposit account where the proceeds from the savings bond sales were placed was owned by Mother and Defendant Lauren, with a right of survivorship, and thus was not part of Mother's estate to be administered pursuant to Chapter 28A. The annuity owned by Mother names Defendants as beneficiaries, and likewise is not part of Mother's estate to be administered pursuant to Chapter 28A. Indeed, our Court has recognized that "[w]hile the[se] claims arise from administration of an estate, their resolution is not part of the administration, settlement and distribution of estates of decedents so as to make jurisdiction properly exercisable initially by the clerk." *Ingle v. Allen*, 53 N.C. App. 627, 629, 281 S.E.2d 406, 407 (1981) (internal quotation marks omitted) (citations omitted). As such, these assets are not part of the caveat proceeding. *See, e.g., Cornwell v. Huffman*, 258 N.C.

363, 369, 128 S.E.2d 798, 802 (1963) (life insurance policies with named beneficiaries are not part of estate administration proceeding). The superior court has subject-matter jurisdiction to resolve the issues concerning the rightful owner of these assets in this present action.

## B. Rule 12(b)(6)

In this action, Plaintiffs seek an order directing Defendants to turn over the proceeds from the savings bonds and their portion of the proceeds from the annuity. Plaintiffs have alleged several legal theories/causes of action to support their prayer for relief regarding ownership of these assets. We address each in turn.

### 1. Conversion of the Savings Bonds Proceeds

Plaintiffs allege that Defendants have converted the proceeds from the bonds for their own use. "The tort of conversion is well defined as an unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of an owner's rights." *Peed v. Burleson's, Inc.*, 244 N.C. 437, 439, 94 S.E.2d 351, 353 (1956).

Here, Plaintiffs have essentially alleged as a theory that Mother cashed in the bonds she owned with Plaintiffs; that Mother relinquished any claim to the proceeds from the sale of said bonds in favor of Plaintiffs; that Defendant Lauren, as her attorney-in-fact, told Mother that she would distribute the proceeds to Plaintiffs; but

that Defendants have refused to do so, claiming ownership of the proceeds. We conclude that Plaintiffs have sufficiently alleged a claim for conversion.

Defendants, though, claim that the conversion claim, as alleged, necessarily fails based on the statute of limitations. Indeed, the party pleading conversion must bring the claim within three years from the time the property was converted. *See County Bd. of Educ. of Granville County v. State Bd. of Educ.*, 107 N.C. 366, 12 S.E. 452 (1890) (stating that the statute of limitations for a claim of conversion is three years). Defendants point out that Plaintiffs have alleged that the bonds were sold in 2013 but did not bring this action for conversion until 2018. We disagree. We conclude that, as alleged, the statute of limitations did not begin to run until Defendants refused to turn over the proceeds when the rightful owners, i.e. Plaintiffs, asked for the money in 2017. As our Supreme Court, adopting the reasoning of a dissent from our Court, has held, "[t]he essence of conversion is not the acquisition of property by the wrongdoer, *but a wrongful deprivation of it to the owner."* *Horry v. Woodbury*, 189 N.C. App. 669, 678, 659 S.E.2d 88, 93 (2008) (McCullough, J., dissenting) (emphasis added), *rev'd*, 363 N.C. 7, 673 S.E.2d 127 (2009).

2. Unjust Enrichment/Constructive Trust-Savings Bond Proceeds

As an alternate theory, Plaintiffs claim that Defendants have been unjustly enriched by the fact that the account became Defendant Lauren's property by operation of law when Mother died, as the proceeds from the bond sales were held in

an account which she owned with Mother with right of survivorship. As such, Defendants hold the proceeds in a constructive trust for the benefit of Plaintiffs.

To bring a claim for unjust enrichment, "a party must have conferred a benefit on the other party. The benefit must not have been conferred officiously [and] . . . [t]he benefit must not be gratuitous and it must be measurable." *Booe v. Shadrick*, 322 N.C. 567, 570, 369 S.E.2d 554, 556 (1988) (citation omitted).

In certain instances, our Court has found a constructive trust to have been formed in situations such as this. Generally,

> [a] constructive trust is a duty, or relationship, imposed by courts of equity to prevent the unjust enrichment of the holder of title to, or of an interest in, property which such holder acquired through fraud, breach of duty or some other circumstance making it inequitable for him to retain it against the claim of the beneficiary of the constructive trust.

*Wilson v. Crab Orchard Dev. Co.*, 276 N.C. 198, 211, 171 S.E.2d 873, 882 (1970) (citations omitted). While it has been held that a fiduciary relationship is generally "the basis for constructive trust claims," it is not a requirement, and thus, can be formed without such relationship between the parties. *See Variety Wholesalers, Inc. v. Salem Logistics Traffic Servs., LLC*, 365 N.C. 520, 530, 723 S.E.2d 744, 752 (2012).

We conclude that Plaintiffs have adequately pleaded a claim based on unjust enrichment/constructive trust. We reject Defendants' argument that this claim is barred by the statute of limitations, concluding that the action did not accrue until

Defendants exercised ownership over the proceeds, which did not occur until at least after Mother's death in 2016. *See Christenbury Eye Center, P.A., v. Medflow, Inc.*, 370 N.C. 1, 7, 802 S.E.2d 888, 892 n. 4 (2017) (stating that the statute of limitations for an unjust enrichment claim is three (3) years according to N.C. Gen. Stat. § 1-52(1) (2018)).

### 3. Interference With Inheritance/Undue Influence – Annuity

Plaintiffs essentially allege that they have a right to a share of the annuity proceeds that they would have received under the life insurance policy. Specifically, they allege that Defendant Lauren exerted undue influence to cause Mother to convert the policy to an annuity. In convincing Mother to convert her life insurance policy into an annuity naming Defendants as the sole beneficiaries, Plaintiffs are losing a potential economic advantage.

Based on our holding in *Matthews v. James*, 88 N.C. App. 32, 362 S.E.2d 594 (1987), we conclude that Plaintiffs have stated a claim for which relief can be granted. In *Matthews*, the decedent had purchased a life insurance policy during his lifetime, naming the plaintiff as a beneficiary. *Id.* at 35-37. After decedent's death, the plaintiff discovered that the beneficiary designation had been changed by decedent in favor of the defendant. *Id.* at 36-37. Our Court held that the plaintiff could bring a civil action to rescind the change of beneficiary where he claimed that the defendant procured the change by undue influence. *Id.* at 39, 362 S.E.2d at 599. We recognize

in the present action that the conversion from a life insurance policy into an annuity cannot be rescinded; however, the beneficiary designation still can be.

We note, though, that in *Matthews*, the estate of the decedent was a named party to the action. We direct the trial court on remand to add Mother's estate as a party.

### 4. Conversion/Unjust Enrichment – Annuity

For the reasoning stated above, we conclude that Plaintiffs have stated a claim for their share of any proceeds Defendants received from the annuity within three years of the filing of the complaint.

### 5. Breach of Fiduciary Duty and Constructive Fraud Claims

Plaintiffs assert claims based on a breach of fiduciary duty and constructive fraud. We agree with the trial court that Plaintiffs have failed to allege facts establishing that Defendant Lauren owed a fiduciary duty *to Plaintiffs*. Rather, as Mother's power of attorney, Defendant Lauren owed a fiduciary duty *to Mother*. *See O'Neal v. O'Neal*, 254 N.C. App. 309, 312, 803 S.E.2d 184, 187 (2017) (The agency relationship that is created by a power of attorney "is between one who gives the power, the principal, and one who exercises authority under the power of attorney, the agent [or attorney-in-fact]").

It may be that where an executor refuses to assert claims on behalf of the estate, beneficiaries may step in and assert those claims where the estate is also a

named party. However, at this point, Plaintiffs have failed to show that they are beneficiaries under Mother's will. Rather, they have pleaded that Mother's will expressly disinherits them. Plaintiffs, therefore, lack standing, as Mother's will has not yet been set aside in the caveat proceeding.

Likewise, Plaintiffs' claims based on constructive fraud fail since Defendants owe no fiduciary duty to Plaintiffs. Indeed, our Court has held "[t]o survive a motion to dismiss, a cause of action for constructive fraud must allege (1) a relationship of trust and confidence, (2) that the defendant took advantage of that position of trust in order to benefit himself, and (3) that plaintiff was, as a result, injured." *White v. Consolidated Planning, Inc.*, 166 N.C. App. 283, 294, 603 S.E.2d 147, 156 (2004) (citations omitted). However, as there was no relationship of trust or confidence between Plaintiffs and Defendant Lauren, this claim fails.

## III. Conclusion

We reverse the trial court's order in part. We reverse the trial court's order dismissing Plaintiffs' claims based on Rule 12(b)(1). We reverse, in part, the trial court's order dismissing some of Plaintiffs' claims based on Rule 12(b)(6). Specifically, we hold that Plaintiffs have stated claims for conversion and unjust enrichment concerning the proceeds from the savings bonds and concerning any proceeds that Defendants have enjoyed from the annuity within three years of the filing of the complaint. We also hold that Plaintiffs have stated a claim for undue

influence/rescission of the change of beneficiary concerning the annuity. On remand, Plaintiffs shall be allowed to pursue these claims, and Mother's estate will be added as a party. We affirm the order in all other respects.

AFFIRMED IN PART, REVERSED AND REMANDED IN PART.

Judges ZACHARY and HAMPSON concur.