DUNN v. DUNN.

(Filed March 21, 1905).

*Trust Fund—Statute of Limitation—Demand and Refusal.*

1. Where a trustee did not keep a trust fund separate from his own funds after its receipt in 1860, he is not protected from liability because of the subsequent depreciation of Confederate money.

2. Where a fund was given to defendant in trust for the benefit of B, who was to receive the interest annually, and at the death of B the fund was given to his children, and B died in 1888 and his children sued defendant in 1902: *Held*, that the trustee held the fund upon implied trust for B's children; that one of the plaintiffs who made demand was barred by not suing within three years after refusal; and as to those who made no demand, ten years was a bar under The Code, sec. 158, which limitation began to run against those under no disability, upon the death of the life tenant B.

ACTION by J. A. Dunn and others against W. B. Dunn, heard by *Judge B. F. Long* and a jury, at the November Term, 1904, of the Superior Court of WAKE County.

Benjamin Dunn died in 1852 leaving a will containing the following clause: "I give to my son William B. Dunn $400 in trust, however, for the sole use and benefit of my son Benjamin C. Dunn, but not subject to his control or liable for his debts or contracts in any way whatever, but to receive the interest annually, and at the decease of the said Benjamin C., I give and bequeath said amount to his children, to share and share alike."

W. B. Dunn received this fund and lent it out and paid the interest to Benjamin C. until 1860, when the fund was paid back to him, and because of the coming on of the war he did not have an opportunity to lend it again to safe parties. He mixed said money with other trust funds and his own money in a pocket-book which he kept in a desk, and from this

pocket-book he used money and put other money in it from time to time, but always had more than $400 therein, but could not say that any of this identical fund was still in hand at the close of the war, when the money in the pocket-book all became worthless. The claim of Benjamin C. to the interest is not in controversy. He died in 1888, and this suit was begun in 1902 by his children to recover the original fund. The defense was the loss of the fund in Confederate money, and the statute of limitations. From a judgment in favor of the plaintiffs the defendant appealed.

*Armistead Jones & Son,* for the plaintiffs.
*N. Y. Gulley,* for the defendant.

CLARK, C. J. The jury having responded "No" to the issue, "Did the defendant keep the said $400 separate from his own funds after its receipt in 1869?" it is well settled that he was not protected from liability because of the subsequent depreciation of Confederate money. *Shipp v. Hettrick,* 63 N. C., 329; *Cummings v. Mebane, Ibid.,* 315.

But the Court erred in directing the jury to answer "No" to the issue, "Are the claims of all the plaintiffs barred by the statute of limitations?" The sole express trust reposed in W. B. Dunn by the will was to hold the fund "for the sole use and benefit of Benjamin C. Dunn," to receive and pay over the interest to him annually. At the death of the life tenant, the express trust terminated. *Baker v. McAden,* 118 N. C., 744. The trustee then held the fund simply upon an implied trust to pay over to the plaintiffs to whom, by the terms of the will, the title to the fund then passed. The trustee was charged with no duty save that imposed by the law to pay over when called on. The statute runs against an implied trust. *Parker v. Harden,* 121 N. C., 57; *Faggart v. Bost,* 122 N. C., 522; *Robertson v. Dunn,* 87 N. C., 195.

In case of a demand and refusal, three years is a bar (*Robertson v. Dunn, supra*), and the Court properly held that one of the plaintiffs, having made such demand and not having begun this action within three years from the failure of the defendant to pay, was barred. *House v. Arnold,* 122 N. C., 222; *Board of Education v. Board of Education,* 107 N. C., 367. But as to the other plaintiffs, who made no such demand, ten years was a bar under The Code, sec. 158, which limitation began to run as soon as the plaintiffs, who were under no disability, were at liberty to sue. *Eller v. Church,* 121 N. C., 272. The life tenant died, and the right to the fund accrued to the plaintiffs in 1888, but this action was not begun till 1902. In instructing the jury to respond that all the plaintiffs were not barred of recovery, there was

