H. T. GREENLEAF v. LAND AND LUMBER COMPANY et al.

(Filed 19 February, 1908).

1. **Corporations—Parties—Receivers, Courts of Equity Appoint,
   When.**
       While it is more orderly to proceed under Revisal, sec. 1196, to
   appoint a receiver for a corporation, such may be done in a court
   of equity wherein, under the decree, all parties are before the
   court or thereunder will be brought in, and the same relief
   awarded as if the provision of the statute had been complied
   with.

2. **Corporations—Receivers—Application of Funds.**
       In proceedings in equity to administer upon the assets of an
   insolvent corporation, it is competent for the courts in proper
   instances to appoint a receiver, and instruct him to sell the prop-
   erty, after ascertaining the names of creditors, the amounts due
   them and the interest of stockholders, and before final judgment
   declare a dissolution and direct the funds to be administered in
   accordance with the rights of the parties.

3. **Corporations—Deed by President to Himself—Uses and Trusts—
   Consideration.**
       A conveyance of land, made by one to himself as president of
   a corporation, reciting that he had purchased it as agent for said

company, is ineffectual to convey the title, but is a valid declaration of an express trust in favor of the corporation, upon a valuable consideration.

4. **Uses and Trusts—Express Trusts—Statute of Limitations, Accrues When—No Adverse Holding.**

The statute of limitations does not begin to run against an express trust except from the time the right or cause of action accrues; and when such is impressed upon lands and there is no holding adverse thereto as expressed in the deed, the statute cannot successfully be pleaded in bar.

CIVIL ACTION, heard before *W. R. Allen, J.*, at September Term, 1907, of the Superior Court of PASQUOTANK County.

By consent, the court passed upon the facts and law.

Judgment for plaintiff. Defendant Underwood appealed.

The admissions in the pleadings and recitals in the judgment disclose this case: Prior to 25 September, 1869, the Land and Lumber Company was chartered and organized, with William Underwood as its president. On the said 25 September, 1869, said William Underwood, together with Joseph Underwood, executed a deed containing the following language, material to a decision of this appeal: "This indenture, made and entered into by and between William Underwood and Lorane J., his wife, and Joseph Underwood and Ann Ada, his wife, as parties of the first part, and the Land and Lumber Company of North Carolina, party of the second part: Witnesseth, that, whereas the said William and Joseph Underwood have at various times purchased, as agents for the said Land and Lumber Company, certain real estate, which they wish to convey to said company: Now, therefore, for and in consideration of the premises, and the further consideration of ten dollars, * * * we, the parties of the first part, have given, granted, bargained and sold * * * unto him, the said William Underwood, president of the Land and Lumber Company of North Carolina, and his successors in office, the following tracts of land: * * * To have and to hold all the above-bounden land, * * * to him,

the said William Underwood, president of the Land and Lumber Company of North Carolina, and his successors in office, to hold the same for the use and benefit of said company in fee simple, forever." It is conceded that the land described in the deed is the same as that referred to in the complaint. The Land and Lumber Company ceased to do business about twenty-five years ago. William Underwood is dead, and the defendants are his heirs at law. The land in controversy is woodland, and no person was in the actual possession prior to 1900, when defendant Zimmerman went into possession pursuant to a tax deed. William Underwood acquired title under one Hinton. Plaintiff owns shares of stock in said corporation. There are no officers of said corporation in existence and no organization is maintained. Plaintiff avers that there are no debts outstanding. His Honor was of the opinion "that the deed of 25 September, 1869, is a declaration that the title to said land is held in trust for the Land and Lumber Company, making it the equitable owner thereof." He rendered judgment, appointing a receiver of said company, directed said receiver to advertise for creditors and stockholders, etc., and to report to the next term of the court, retaining the cause for further orders. Defendants excepted and appealed.

*Aydlett & Ehringhaus* for plaintiff.
*Pruden & Pruden, Shepherd & Shepherd* and *W. M. Bond* for defendants.

CONNOR, J., after stating the case: Defendants insist that the plaintiff cannot maintain the action, for that the corporation, the Land and Lumber Company, has not been dissolved in accordance with the provisions of the statute (Revisal, sec. 1196). It must be conceded that a proceeding instituted and prosecuted pursuant to the statute would have been more orderly. We can perceive no good reason, however, for dismissing this action, wherein all parties in interest are now or, under his Honor's order, will be brought into court and the

same relief awarded as if the provisions of the statute had been complied with. His Honor's order is in strict accord with that which would have been made in the statutory proceeding. The receiver will, under the orders of the court, sell the property, after ascertaining the names of the creditors, if there be any, and the amounts due them, and the interest of the stockholders. The title to the property of the corporation is vested in it upon these trusts. Before any final judgment is rendered, a dissolution will be declared and the fund administered in accordance with the rights of the parties. This is an equitable proceeding, and it is competent for the court, under its jurisdiction, to administer trust funds and mould its decrees so that the rights of all beneficial owners are protected.

The defendants insist that the deed, or paper-writing, executed by William and Joseph Underwood on 25 September, 1869, is ineffectual to convey the title, because Underwood could not be the grantor and grantee in the same deed. His Honor concurred in that view and held that the deed was a valid declaration of a trust, thereby attaching to the legal title, which remained in Underwood, an express trust for the corporation. We concur with his Honor's opinion. The recitals in the deed show that the property was purchased by Underwood as agent for the corporation. The declaration of trust is sustained by these recitals and a recited valuable consideration. The learned counsel for defendants insists that no express trust is declared, but that the paper-writing is only evidence upon which the court may declare a trust; that the plaintiff, claiming through the corporation, is barred from enforcing this equity by lapse of time. It is conceded that, if the premises be correct, the conclusion follows. The statute never runs ·against the enforcement of an express trust until by some declaration or act of the trustee an end is put to the relation of trustee and *cestui que trust,* and the latter is put to his action. If the equity consists of a right on the part of the

plaintiff to call upon the court to declare the holder of the legal title a trustee for any of the causes recognized by courts of equity, the statute runs from the time the right or cause of action accrues. The distinction is universally recognized and enforced; it is conceded by the learned counsel for defendants. He seeks to bring the case within the class of trusts created by operation of law or the decree of the court. We concur with his Honor that the language of the deed executed by Underwood is a declaration of an express trust, and that no act has been done by Underwood or his representatives to put an end to the relationship. They never took actual possession of the land or asserted any ownership inconsistent with the declaration in the deed. It seems that, some seven years ago, the land was purchased by defendant Zimmerman for taxes, and he entered into possession. Judgment was rendered adversely to his claim, and he does not appeal. The interlocutory judgment of his Honor must be affirmed. The receiver will proceed as directed. Let this be certified.

Affirmed.