W. R. JACKSON et al. v. JESSE FARMER et al.

(Filed 11 November, 1909.)

### 1. Trusts and Trustees—Judicial Sale—Consideration—Evidence.

In an action to declare by parol an express trust on certain lands under an alleged agreement that the purchaser bought the lands at an administrator's sale to hold in trust for plaintiffs, the children of the deceased, evidence is competent, although the sale has been confirmed, to show the adequacy or inadequacy of the price paid, as a circumstance tending to show the alleged agreement.

### 2. Trusts and Trustees — Judicial Sale — Purchaser — Evidence — Instructions.

In an action by the children of deceased to impress a trust upon certain of his lands sold by his administrator, now deceased, under an alleged parol agreement made by him with the purchaser F., the defendant, that he, F., would so hold it, testimony of several witnesses that they heard the administrator say, not in the presence of F., that F. agreed to buy the land for the plaintiffs, that he wanted no one to bid against him, is insufficient; and when the evidence shows that the sale was fair, without suppression of the bidding, etc.; it is proper for the trial judge to instruct the jury to find for the defendant.

### 3. Trusts and Trustees — Absolute Ownership — Limitations of Actions.

When a judicial sale of lands has been confirmed and the purchaser has gone into the possession exercising absolute ownership with the knowledge of the plaintiffs, seeking, in the action, to establish that the purchaser bought and held the land in trust for them, their cause of action may be barred by lapse of time; and when it appears that the plaintiffs were not under disability as minors or otherwise for a period of twenty years, during which the purchaser so held the land in question, their action will be barred.

### 4. Trusts and Trustees — Limitations of Actions — Discovery of Fraud—Evidence.

A plea of plaintiffs to a defense of the statute of limitations being that suit was brought within three years after the discovery of the fraud alleged and relied on, will not be sustained when it appears that the only evidence in support of the plea is public statements made at the sale as to the fraud some twenty years previous, and necessarily more notorious at the time they were made.

APPEAL by defendants from *W. R. Allen, J.,* April Term, 1909, of SAMPSON.

The facts are stated in the opinion of the Court.

*H. A. Grady* and *Faison & Wright* for plaintiffs.
*George E. Butler, J. D. Kerr* and *F. R. Cooper* for defendants.

CLARK, C. J.  Randall Jackson died in 1863, seized of the premises, leaving a widow and two children, the latter these

plaintiffs. Dower was allotted in October, 1864. The widow married the defendant, Jesse Farmer, in 1867. In January, 1868, the land was sold by Needham Warren (the father of the said widow), as administrator and commissioner, under the order of the court, and was purchased by the defendant, sale was confirmed and title was conveyed to the defendant in January, 1869, who has lived on the land ever since. The plaintiffs became of age, respectively, in 1877 and 1883. Both remained in the State some years after becoming of age, when they removed, but have been on visits here since. In January, 1884, the defendant Jesse Farmer conveyed the land to his son and co-defendant, who was at that time a minor. The mother of plaintiffs died in July or August, 1902. This action was begun 11 October, 1906.

The material issues submitted were: 1. Did the defendant Jesse Farmer buy the land in controversy at the sale in 1868 under an agreement with Needham Warren that he would purchase the same and hold the title thereto for the benefit of the plaintiffs and their mother? 2. Is the cause of action barred by the statute of limitations?

The commissioner's deed recites a consideration of $55. The answer avers that by inadvertence of the penman this was inserted instead of $255, the true consideration which they put on proof to show was a fair consideration in the then condition of the land and of the country, the land being subject to the dower which had been laid off. The plaintiffs offered evidence of inadequate consideration. The sale having been confirmed, this last is only competent as a circumstance tending to show the alleged agreement to hold in trust.

There was no evidence of an agreement between Warren and Jesse Farmer beyond the evidence of two or three witnesses that Warren (now dead) stated that day that he wanted no one to bid against Farmer; that arrangements had been made for Farmer to buy the land for his wife and the children. There was no evidence that Farmer was near enough to hear the remark, nor, indeed, that he was then present, and the defendant excepted. One witness testified that he heard Farmer say that day that he had bought the land as last and highest bidder and had a good title. There was also evidence of a report in the crowd that day that Warren wanted Farmer to buy the land and live there with the children. There was evidence from plaintiffs themselves that Farmer had raised the plaintiffs and had also furnished $100 to one of them when tried for murder.

The defendant Jesse Farmer testified that he bought the land for $255; that there were other bidders; that he bought the land for himself alone—paid full price for it; that there was no

agreement with Warren to purchase it for his wife and the children, and that he has improved the land and put buildings on it. He also put on several witnesses, who testified that it was an open, fair sale, and no suppression of bidding, and that they heard of no agreement between Warren and Farmer.

The issue was as to the express trust, and the court should have given the fifth prayer of the defendant, which was as follows:

5. There is no evidence fit and proper to be considered by the jury tending to show an agreement by the defendant Jesse Farmer to buy the land in this action for the plaintiffs and hold this land in trust for the plaintiffs, and the jury will find for the defendants. *Cobb v. Edwards,* 117 N. C., 250, 251; *Avery v. Stewart,* 136 N. C., 426.

There was no issue as to the implied trust and the suppression of bidding, though averred in the amended complaint. Besides, it was twenty-nine years after the elder plaintiff became of age and twenty-three years after the other became of age before this action was begun. Any implied trust was barred. 1 Beach Trusts, sec. 209; 2 Perry Trusts, sec. 865; Wood Limitations, sec. 200. It is true that plaintiffs allege that they sued within three years after discovery of the alleged fraud. But the only evidence of the alleged fraud was public statements of their grandfather at the sale, which, if made, were more notorious twenty-odd years ago than now. They were on the premises and saw the defendant exercising ownership and taking the crops in disavowal of any trust, even if it was an express trust, in their favor. After such conduct; which would have put the statute in force, the plaintiffs are barred by their long failure to assert their rights.

Error.