### G. W. MITCHELL v. V. H. FREEMAN.

(Filed 19 February, 1913.)

**Limitations of Actions—Parol Contract to Convey—Acts of Ouster —Deeds and Conveyances.**

The statute of limitations does not begin to run in favor of one who has entered into possession of lands under a parol contract to convey and who has never paid any part of the purchase price, until after some act on his part showing that he is holding it adversely to the owner; and in this case it appearing that no such act had been done prior to a recent conveyance, made within a year next before the commencement of the action, the plea is not available.

APPEAL by defendant from *Cline, J.*, at the April Term, 1912, of BERTIE.

*L. L. Smith for plaintiff.*
*Winborne & Winborne, Murray Allen, and Winston & Matthews for defendant.*

CLARK, C. J. The plaintiff sold the land in controversy, 20 acres, to J. B. Ruffin for the sum of $60 upon a parol conditional sale under which he entered into possession in 1882. In March, 1909, the children of J. B. Ruffin, he being dead, conveyed a tract of land to the defendant Freeman, within the boundaries of which were embraced the 20 acres in controversy. There are several exceptions, but the only one that requires consideration is the defense of the statute of limitations.

The plaintiff executed no conveyance or written agreement to convey to J. B. Ruffin or his heirs. Ruffin entered into possession under a parol agreement to pay the purchase money. No part of this has been paid, nor has there been any offer to pay, though the plaintiff is willing to accept the same with interest thereon. There is no evidence of any adverse possession until the conveyance to the defendant in March, 1909, and this action was begun in September of that year. The plea of the statute could not avail the defendants.